IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **In re:**<br>**LITTLE RIVER HEALTHCARE HOLDINGS, LLC,** *et al.*,<br>            Appellant, | 18-60526 (RBK)<br>CHAPTER 7 |
| **BLUE CROSS AND BLUE SHIELD OF TEXAS, A DIVISION OF HEALTH CARE SERVICE CORPORATION,**<br>            Plaintiff,<br>*v.*<br>**ROCKDALE BLACKHAWK, LLC and TEXAS DEPARTMENT OF INSURANCE,**<br>            Defendants. | ADV. PRO. NO. 20-06007-RBK |
| **LAW OFFICES OF RYAN DOWNTON,**<br>            Appellant,<br>*v.*<br>**TEXAS DEPARTMENT OF INSURANCE,** *et al.*,<br>            Appellees. | 6:20-cv-00888-ADA |

**ORDER GRANTING MOTION TO DISMISS APPEAL**

Came on for consideration this date is Appellee's Motion to Dismiss Appeal, ECF No. 5, filed November 23, 2020. Appellant responded on December 6, 2020, ECF No. 7, to which Appellee replied on December 11, 2020, ECF No. 8. After careful consideration of the Motion, the Parties' briefs, and the applicable law, the Court **GRANTS** Appellee's Motion to Dismiss Appeal.

1

I. BACKGROUND

In an arbitration proceeding between Rockdale Blackhawk, LLC d/b/a Little River Healthcare (the "Debtor") and Blue Cross and Blue Shield of Texas ("BCBSTX"), the arbitrator determined that BCBSTX was liable for statutory penalties under the Texas Prompt Payment Act in the amount of $18.9 million, plus statutory interest, totaling $21,789,370.00. ECF No. 2-3 at 14. The arbitrator's Final Award concluded that 50% of the penalties must be paid by BCBSTX to TDI pursuant to the application of provisions of the Texas Insurance Code. *Id*.

After the arbitrator's Final Award was entered, James Studensky, the Debtor's Chapter 7 Trustee (the "Trustee"), asserted that the Debtor was entitled to a portion of the penalties owed by BCBSTX to TDI under the common fund doctrine. In response, BCBSTX commenced an adversary proceeding (the "Adversary Proceeding", Adv. Pro. No. 20-06007-rbk) by filing a Complaint in Interpleader. ECF No. 2-3 at 3. Pursuant to the Amended Order in Interpleader, BCBSTX deposited $10,899,345.282 (the "Disputed Funds") into the registry of the court. ECF No. 3-2 at 19.

The Trustee appeared in the Adversary Proceeding by filing an answer to BCBSTX's Complaint in Interpleader and asserted a crossclaim against TDI seeking recovery of a portion of the Disputed Funds. ECF No. 2-2 at 21. TDI also appeared by filing an answer to BCBSTX's Complaint in Interpleader. ECF No. 2-3 at 3.

Downton—one of the Debtor's attorneys in the arbitration proceeding—filed a Motion for Leave to Intervene in the Adversary Proceeding, asserting an individual entitlement to a portion of the Disputed Funds under the common fund doctrine. ECF No. 2-4 at 112. The Court denied Downton's Motion for Leave to Intervene on August 19, 2020 (the "Order Denying Intervention"). ECF No. 2-5 at 43. Downton did not appeal the Order Denying Intervention.

All parties to the adversary proceeding—TDI, the Trustee, and BCBSTX—filed a Joint Motion for Entry of Agreed Final Judgment. ECF No. 3-2 at 18. The Court entered an Agreed Final Judgment on September 17, 2020, confirming the award of the Disputed Funds to TDI. *Id.* at 23. Downton filed a Notice of Appeal of the Agreed Final Judgment on September 28, 2020. ECF No. 1-1.

## II. LEGAL STANDARD

In appeals from bankruptcy court, the "appellant shoulders the burden of alleging facts sufficient to demonstrate that it is a proper party to appeal." *Fortune Nat. Res. Corp. v. U.S. Dep't of Interior*, 806 F.3d 363, 366 (5th Cir. 2015) (citing *Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 208 (5th Cir. 1994)). "In ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Id.* at 366 (citing *Warth v. Seldin*, 422 U.S. 490, 501, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)).

## III. ANALYSIS

### A. Appellant's Appeal as to the Order Denying Appellant's Motion to Intervene Is Untimely

It is undisputed that Downton has standing to appeal the Order Denying Intervention. *See Edwards v. City of Hous.*, 78 F.3d 983, 992 (5th Cir. 1996). But Appellee argues that Downton failed to timely file his notice of appeal as to that order, depriving this Court of appellate jurisdiction. ECF No. 5 at 5. Federal Rule of Bankruptcy Procedure 8002(a)(1) provides that Downton had to file its notice of appeal "within 14 days after entry of the judgment, order, or decree being appealed." Downton filed his notice of appeal within 14 days from the entry Agreed Final Judgment, but more than 14 days after the order denying intervention. The notice of appeal

identifies the "Final Judgment"—not the order denying the motion to intervene—as the judgment from which Downton is appealing. ECF No. 1, Ex. 1 at 3.

The Fifth Circuit has held, time and again, that "[a]n appeal from a final judgment sufficiently preserves all prior orders intertwined with the final judgment, even when those prior orders are not specifically delineated in the notice of appeal." *Edwards v. 4JLJ, L.L.C.*, 976 F.3d 463, 466 (5th Cir. 2020); *Tr. Co. of Louisiana v. N.N.P. Inc.*, 104 F.3d 1478, 1485 (5th Cir. 1997). In *Cook v. Powell Buick, Inc.*, the Fifth Circuit applied this principle to hold that it had jurisdiction to review an oral ruling denying intervention not memorialized in compliance with Federal Rule of Civil Procedure 58 until final judgment. 155 F.3d 758, 761 (5th Cir. 1998), *abrogated on other grounds by Devlin v. Scardelletti*, 536 U.S. 1 (2002). The court noted, however, that when a non-party waits to appeal an order denying intervention until final judgment:

> any settlement would be made contingent on the appeal's outcome and, if the intervenor prevailed on appeal, the entire matter might have to be relitigated. Further, the proposed intervenor will never be able to appeal in the underlying action unless the order denying intervention is first reversed. There are thus strong efficiency reasons to mandate an immediate appeal.

*Id.* at 761 n.8 (first citing *Credit Francais Int'l v. Bio-Vita, Ltd.*, 78 F.3d 698 (1st Cir. 1996), *and then citing United States v. City of Milwaukee*, 144 F.3d 524 (7th Cir. 1998)). The *Cook* court concluded that it "would have imposed an immediate appeal requirement for the denial of a motion to intervene in this case, and joined our sister circuits in this regard" had the district court complied with Federal Rule of Civil Procedure 58 and issued a written order in the first instance instead of an oral one. *Id.*

Here, the Bankruptcy Court *did* issue a written Order Denying Intervention before Final Judgment, and so this Court will follow the path *Cook* plotted to deem the appeal of the Order Denying Intervention untimely. The *Cook* court's justification for an immediacy requirement is

compelling, as is the rationale supplied by courts beyond Fifth Circuit. *See, e.g.*, *Plain v. Murphy Fam. Farms*, 296 F.3d 975, 980 (10th Cir. 2002); *Credit Francais Int'l, S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698, 703 (1st Cir. 1996); *B.H. by Pierce v. Murphy*, 984 F.2d 196, 199 (7th Cir. 1993). The benefits Downton associates with delaying appeal are less so. *See* ECF No. 7 at 6–7.

Moreover, Downton's argument that he could not have immediately appealed the Order Denying Intervention because it was not a collateral order, ECF No. 7 at 6, is foreclosed by Fifth Circuit precedent holding that orders denying intervention qualify, categorically, as collateral orders. *See Sierra Club v. City of San Antonio*, 115 F.3d 311, 313–14 (5th Cir. 1997) ("[A]n order denying intervention of right under rule 24(a) is appealable as a collateral order."); *Edwards v. City of Hous.*, 78 F.3d at 992 ("The denial of a motion to intervene of right is an appealable final order . . . ."); *Valley Ranch Dev. Co. v. Fed. Deposit Ins. Corp.*, 960 F.2d 550, 555 (5th Cir. 1992) ("[A] denial of intervention is immediately appealable as a collateral order."); *see also Lawson v. United States DOJ*, 819 F. App'x 260, 261 (5th Cir. 2020); *Grumpy, Inc. v. Unidentified*, No. 95-30252, 1996 U.S. App. LEXIS 45256, at *11 (5th Cir. Feb. 12, 1996).

For the foregoing reasons, Downton was required to immediately appeal the Order Denying Intervention and failed to do so within the 14-day period set out in Federal Rule of Bankruptcy Procedure 8002(a)(1), depriving this Court of jurisdiction to review that order. The Court, therefore, **ORDERS** that the appeal as to the Order Denying Intervention is **DISMISSED.**

### B.   Appellant Lacks Standing to Appeal the Final Judgment

Appellee moves to dismiss the appeal directed to the final judgment itself, arguing that, because Downton tried and failed to intervene in the adversary proceeding, he lacks standing to appeal a judgment entered therein. ECF No. 5 at 5 (citing *Edwards v. City of Houston*, 78 F.3d at 993). Downton responds that his unsuccessful intervention is irrelevant because his appellate

standing is determined under the "person aggrieved" standard applied in the bankruptcy context. ECF No. 7 at 3 (citing *In re Coho Energy*, 395 F.3d 198, 202 (5th Cir. 2004)).

According to Fifth Circuit precedent, "the 'person aggrieved' test demands" that the appellant "show that he was 'directly and adversely affected pecuniarily by the order of the bankruptcy court.'" *Coho Energy*, 395 F.3d at 203 (quoting *In re Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983)). Downton's arguments on his person-aggrieved status effectively mirror those he made in moving to intervene. *Compare* ECF No. 7 at 4–6, *with* ECF No. 2-4 at 112–14. In both cases, he contends he has an interest in the Disputed Funds directly or through the estate he represented because the Disputed Funds are damages. But, in the Order Denying Intervention, the Bankruptcy Court rejected this same argument. ECF No. 2-6 at 7 (holding that the estate and Downton had no interest in the Disputed Funds because they are a statutory penalty, not damages).

The Court, therefore, agrees with Appellee that Downton is "attempting to relitigate a factual determination necessarily made by the Bankruptcy Court without appealing the order determining those facts." ECF No. 8 at 6. As discussed above, Downton's appeal of the Order Denying Intervention is untimely. Downton cannot skirt around the immediate-appeal requirement by dressing his appeal of the Order Denying Intervention in different garb.

The Fifth Circuit's decision in *Edwards v. City of Houston*, 78 F.3d 983, 993 (5th Cir. 1996), is instructive. There, the appellants tried and failed to intervene in the underlying judgment, but nevertheless appealed from a final judgment. The Fifth Circuit held that the appellants lacked standing because they were not parties to the underlying case. "It is well-settled that one who is not a party to a lawsuit, or has not properly become a party, has no right to appeal a judgment entered in that suit." *Edwards*, 78 F.3d at 993.

The posture of the nonparties in *Edwards* mirrors the posture of Downton in our case. Yet Downton distinguishes *Edwards* by stating that *Edwards* "it did not involve a bankruptcy appeal or 'person aggrieved' standing." ECF No. 7 at 3 n.12. Downton does not describe why these distinctions precipitate a different result. Intervention in both cases was controlled by Federal Rule of Civil Procedure 24(a). And though the standard for appellate standing in *Edwards* is distinct from the controlling standard here, this Court finds that the reasoning in *Edwards* applies with even more force here where appellate standing is controlled by a narrower standard than that at issue in *Edwards*. *See, e.g.*, *In re Technicool Sys.*, 896 F.3d 382, 385 (5th Cir. 2018) ("The narrow inquiry for bankruptcy standing—known as the 'person aggrieved' test—is 'more exacting' than the test for Article III standing."); *In re Ray*, 597 F.3d 871, 874 (7th Cir. 2010) ("Bankruptcy standing is narrower than Article III standing.").

Further, courts in the Fifth Circuit have, as far as this Court can tell, uniformly embraced the position that denying intervention is dispositive of the issue of appellate standing for appeals from a final judgment. For example, in *In re Acis Capital Mgmt., L.P.*, the Northern District of Texas discussed the issue:

> Some courts have suggested that the bankruptcy court's proper denial of a motion to intervene is dispositive of the movant's right to appeal. *See, e.g.*, *In re Living Hope Sw. Med. Servs., LLC*, 598 Fed. Appx. 467, 467 (8th Cir. 2015) (per curiam) (concluding that appellant lacked standing because bankruptcy court correctly denied his motion to intervene); *In re Thompson*, 965 F.2d 1136, 1140-46 & n.9 (1st Cir. 1992) (equating person aggrieved test with the test for intervention under Rule 7024, and concluding that because bankruptcy court properly denied motion to intervene in adversary proceeding, appellant lacked standing to appeal judgment); *In re S. State St. Bldg. Corp.*, 140 F.2d 363, 367 (7th Cir. 1943) ("If one who has a right to intervene, but does not, has no standing to appeal, *a fortiori*, one who has no right to intervene, and does not, has no standing to appeal."); *see also In re Blair*, 2016 U.S. Dist. LEXIS 190293, 2016 WL 8608454, at *5 (D. Colo. Aug. 24, 2016) ("One might expect that [the person aggrieved] doctrine would not apply

7

>>to a party that sought and was denied intervention. Or, at a minimum, it seems incongruous to permit a party to file an unsuccessful motion to intervene and nonetheless be permitted to appeal under the persons aggrieved doctrine and immediately attack the Bankruptcy Court's substantive rulings, rather than first challenging the denial of intervention.").

604 B.R. 484, 511–12 (N.D. Tex. 2019) (holding that appellant lacked standing where the court previously denied leave to intervene); *Bayoud v. Med. Ctr. Hosp. (In re Am. Dev. Int'l Corp.)*, 188 B.R. 925, 932 (N.D. Tex. 1995) (same); *Savoie v. Levy*, CIVIL ACTION NO. 93-2346 SECTION "M", 1993 U.S. Dist. LEXIS 16979, at *3 & n.1 (E.D. La. Nov. 30, 1993) (same). Finding the reasoning in those cases persuasive, this Court holds that Mr. Downton lacks standing to appeal the Agreed Final Judgment. The Court, therefore, **ORDERS** that the appeal as to the Final Judgment is **DISMISSED.**

## IV. CONCLUSION

It is therefore **ORDERED** that Appellee's Motion to Dismiss Appeal is **GRANTED**.

SIGNED this 1st day of November, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE